UNITED STATES DISTRICT COURT

FILED
U.S. DIST COURT

MIDDLE DISTRICT OF LOUISIANA

INTERSECURITIES, INC. ET AL                    CIVIL ACTION

VERSUS

CURLY AND COY BERNARD, ET AL              NO. 07-720-C

<u>WRITTEN REASONS FOR RULING ON MOTION</u>
<u>FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION</u>

Before the court is a Motion for Temporary Restraining Order and
Preliminary Injunction to Enjoin Arbitration (Doc. No. 4) filed by plaintiffs,
InterSecurities, Inc. ("InterSecurities"), and Western Reserve Life Assurance Co.
of Ohio ("WRL"). Named as defendants were Curly and Coy Bernard; Gregory B.
Bonnett; Judy Casey; Linda and Ronald C. Corley; David and Jane Gallien;
Mickey and Peggy Gilcrease; Gordie Greening; Billy Wayne and Linda S. House;
Roger F. and Mary B. House; George Reed and Melinda Terry. Plaintiffs seek to
enjoin the defendants from proceeding with their second arbitration proceeding
and any other action against WRL and its agents, relating to the claims asserted
in the prior proceedings, including those related to defendants' purchase of
WRL's variable annuities. On October 16, 2007, the court denied plaintiff's
Motion for a Temporary Restraining Order. A hearing on the preliminary
injunction was held on October 25, 2007. The parties, thereafter, filed Proposed

Doc. No. 1795

Findings of Fact and Conclusions of Law.   On May 8, 2009, the court denied plaintiffs' motion for preliminary injunction, and now assigns the following reasons therefor.

## **BACKGROUND**

First Arbitration

1.  On August 22, 2005, Curly and Coy Bernard; Gregory B. Bonnett; Judy F. Casey, Linda S. and Ronald C. Corley, David C. and Jane Gallien, Mickey and Peggy Gilcrease, Gordie Greening, Billy W. and Linda S. House, Roger F. and Mary B. House, and George Reed and Melinda L. Terry (hereafter referred to as "the defendants")  filed with the NASD Dispute Resolution Inc. now known as Financial Industry Regulatory Authority ("FINRA") a Statement of Claim, instituting an arbitration against InterSecurities, Gregory James Hildebrand and Peter Dahlstrom.   The defendants are retired employees of Kansas City Southern Railroad and their spouses.   The defendants reside in Arkansas and Louisiana.

2.  InterSecurities is a broker-dealer member of FINRA and a sister company of WRL.   InterSecurities and WRL are owned by AEGON, a large Netherland-based financial holding company. WRL provides life insurance products, including variable annuities and variable life insurance.   InterSecurities is a principal marketer of WRL's variable life insurance products as well as variable annuities.

2

3.    Gregory James Hildebrand ("Hildebrand") and Peter Dahlstrom ("Dahlstrom") are registered representatives of InterSecurities and appointed agents of WRL.

4.    All of the parties executed Uniform Submission Agreements where each agreed to submit the controversy to arbitration in accordance with the constitution, by-laws, rules, regulations and/or other code of arbitration procedure of the sponsoring organization (FINRA). An arbitration panel was selected along with a chairman of the panel.   The parties participated in a couple of pre-hearing conferences, and scheduled a final hearing in the matter for December 4, 5, 6, 7 and 8, 2006.

5.    Sometime prior to the final hearing,   the arbitration panel requested that the parties submit any pre-dispute arbitration agreement.   Neither party submitted an agreement.   On May 19, 2006, the defendants, through their Counsel, informed the panel that based on the lack of a pre-dispute agreement, the defendants  withdraw their Uniform Submission Agreements and request that the matter be dismissed without prejudice to the rights of the parties.   The plaintiffs disagreed and argued that the parties should be bound by the Uniform Submissions Agreements. Plaintiffs also argued that if the matter was withdrawn that the claims should be dismissed with prejudice.

6. On June 21, 2006, the parties were informed that arbitration panel did not have authority to grant a dismissal with prejudice.   Further, the panel

3

determined that there is insufficient evidence to grant any additional relief.   The panel determined that the matter would be closed as "Withdrawn with Prejudice."

<u>Federal Suit</u>

7. While the First Arbitration was pending,  Gordie Greening; Gregory Bonnett; Judy F. Casey; and Michael Gilcrease filed a suit in the Middle District of Louisiana against WRL, on November 10, 2005.  WRL was the issuer of the variable annuities that were sold to defendants.    WRL filed a motion for summary judgment.  On July 20, 2006, the court granted the summary judgment, finding that the plaintiffs' claims had prescribed.

<u>State Suit</u>

8.  On September 27, 2006, defendants filed a claim in state court, naming as defendants, Hildebrand and Dahlstrom.   Hildebrand and Dahlstrom filed a Motion to Compel Arbitration and Stay Proceedings and Revised Motion to Stay, Alternatively Dismiss.  The state court granted the Motion to Dismiss, finding the following:  1) the parties signed the Uniformed Submission Agreements; 2) the matter should have been handled in arbitration; 3) defendants decided to withdraw the matter from arbitration; and 4) due to that withdrawal, the court dismissed the matter.   The defendants appealed.   On August 6, 2008, the Louisiana First Circuit Court of Appeal rendered a decision, reversing the state court's judgment and remanding the matter to state court.  In its opinion, the First Circuit concluded that because the dismissal with prejudice was not a result contemplated by the applicable statutes, the trial court's judgment was in error.

4

Doc. No. 1795

Second Arbitration

9.   On July 20, 2007, an Amended Caption for Statement of Claim was filed by Curly L. Bernard, Gregory B. Bonnett, Judy F. Casey, Linda S. Corley, David C. Gallien, Michael D. Gilcrease, Gordie Greening, Jr., Billy Wayne House, Roger F. House, and George Reed Terry with the FINRA.   InterSecurities, Hildebrand, Dahlstrom and James Patrick Gouldman were named as defendants. FINRA is now considering the Second Arbitration. An arbitration panel has been selected.  Plaintiffs filed a request to decline FINRA's arbitration forum which was denied by the panel. Plaintiffs also filed a motion to stay the arbitration which was denied.

10.  On October 25, 2007, the plaintiffs filed this action, seeking an injunction prohibiting the defendants from further pursuing arbitration before the FINRA or any other action against WRL, InterSecurities and their agents, relating to the claims asserted in prior proceedings including and relating to the defendants' purchases of WRL's variable annuities.   Following a hearing on the Motion for a Preliminary Injunction to Enjoin Arbitration, the court is now ready to rule on the motion for preliminary injunction.

## APPLICABLE LAW

The plaintiffs are seeking a traditional injunction and/or an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651.  Plaintiffs contend that defendants' second arbitration is inconsistent with the July 20, 2006 judgment

Doc. No. 1795

issued in federal court.    Plaintiffs contend that bringing a fourth action is vexatious and violative of InterSecurities' and WRL's right to rely on prior adjudications in the first arbitration, the state court and the federal court.    In opposition, defendants contend that plaintiffs cannot meet their standard for injunctive relief.

In determining whether to compel or enjoin arbitration proceedings, the court's inquiry is limited to consideration of two questions: (1) whether there is a valid arbitration agreement and (2) whether the parties' dispute falls within that arbitration agreement.[1]  In the matter at hand, the parties all executed a Uniform Submission Agreement where each individual agreed to submit the controversy to arbitration.    Neither party disputes that these agreements were executed. Parties may agree to submit their existing controversy to arbitration without any previous contract to do so.[2]

The Fifth Circuit has not specifically addressed the issue of whether Uniform Submission Agreements constitute binding, irrevocable and enforceable agreements to arbitrate. However, several other circuit courts have found Uniform Submission Agreements containing similar language as those at hand to constitute binding, irrevocable, and enforceable agreements to arbitrate.[3]  After

---

[1] See **Title v. Enron Corp.**, 463 F.3d 410, 418 (5th Cir. 2006).

[2] **General Motors Corporation v. Pamela Equities Corporation**, 146 F.3d 242, 246 (5th Cir. 1998) citing **Executone Info. Systems, Inc. v. Davis**,  26 F.3d 1314, 1323 (5th Cir. 1994).

[3] See **Dean Witter Reynolds Inc. v. Fleury**, 138 F.3d 1339, 1342 (11th Cir. 1998); **Benacquisto v. American Express Financial Corp.**, 373 F.Supp.2d 966, 968 (D.Minn. 2005); **Mayo v. Dean Witter**

6

reviewing the agreements, the court finds that the Uniform Submission Agreements submitted by the parties are valid and obligate the parties to arbitrate their claims.

Next, the court considers whether the parties' dispute falls within the scope of the arbitration agreement.  The dispute pending before the court is whether the second arbitration proceeding should be enjoined based on the rulings in the first arbitration, the state court action and/or federal court action.   In other words, plaintiffs assert res judicata as a bar to defendants' second arbitration proceeding.

In reviewing the evidence, the parties agreed to have their controversy decided by arbitration.  In the Uniform Submission Agreement, the parties agreed as follows:

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims, and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

This arbitration agreement between the parties is broad.  The agreement does not exclude from the arbitrator's authority decisions based on res judicata.    In a labor dispute case, the Fifth Circuit held that the res judicata effect of a prior arbitration award on future awards is a matter properly before the arbitrator.[4]

---

**Reynolds, Inc.,** 258 F.Supp.2d 1097, 1116 (N.D. Cal. 2003); **First Montauk Securities Corp. v. Menter,** 26  F.Supp.2d 688, 689 (S.D.N.Y. 1998).

[4]  **Int'l Ass'n of Machinists & Aerospace Workers v. Tex. Steel Co.,** 639 F.2d 279, 283 (5th Cir. 1981).

Doc. No. 1795

Although this matter does not involve labor disputes, this court finds, just as the Fifth Circuit did, that the res judicata effect of the first arbitration should be left to the arbitration panel to decide.  The court finds that res judicata is a part of the merits of an arbitration dispute and an issue to be decided by the arbitrators. Therefore, whether or not the defendants should be precluded from pursuing the second arbitration because of the first arbitration is not an issue for this Court to decide but should be decided by the arbitration panel.

Based on these findings, the court finds that plaintiffs' cannot show a substantial likelihood of success on the merits. Therefore, plaintiffs are not entitled to an injunction.

All Writs Act

Plaintiffs additionally seek an injunction against  Gordie Greening, Gregory Bonnett, Judy F. Casey, David C. Gallien and Michael Gilcrease, pursuant to the All Writs Act, 28 U.S.C. § 1651.  The All Writs Act provides as follows: "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[5]  The Act empowers a federal court "to issue such commands ... as may be necessary or appropriate to effectuate and

---

[5] 28  U.S.C.  §  1651(a).

Doc. No. 1795

prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."[6]

Plaintiffs assert that these five defendants' claim in the second arbitration is inconsistent with the judgment previously obtained by WRL in the federal court action. Plaintiffs also claim that the ruling issued in state court is res judicata as to all the claims filed in the second arbitration proceeding. The Court concludes that the All Writs Act does not provide a legal basis to stay the pending arbitration.

First, the court notes that neither the first arbitration ruling nor the state court ruling fall within the orders the All Writs Act was designed to provide protection for. The Act was designed to provide a court with authority to issue an order that would "effectuate and prevent the frustration" of the court's previously issued orders. Here, neither the first arbitration ruling nor the state court ruling was issued by this court. Thus, these rulings cannot serve as a basis for this court to act pursuant to the All Writs Act.[7]

Although the court issued its own judgment in the federal action, the evidence reflects that WRL was the only defendant named in the federal action. WRL is not a party to the second arbitration proceeding. Although plaintiffs allege a principal agency relationship between WRL, Hildebrand and Dahlstrom,

---

[6] **Pennsylvania Bureau of Corr. v. United States Marshals Serv.,** 474 U.S. 34, 41, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (quoting **United States v. New York Tel. Co.,** 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed. 376 (1977).

[7] As previously noted, the Louisiana First Circuit Court of Appeal reversed the state court ruling and remanded the matter to state court.

Doc. No. 1795

the plaintiffs presented no evidence to establish this relationship, nor evidence showing that these claims raised in the second arbitration were the same as those claims litigated against WRL in the federal action.   Therefore, the court does not find that the federal action resulted in a judgment which needs to be protected from the second arbitration proceeding

Conclusion

Based on this court's determination that plaintiff's claims are arbitrable, plaintiffs cannot establish a substantial likelihood of success on the merits regarding the issue of arbitration.[8] Therefore, the Court, accordingly, denies plaintiffs' request for a preliminary injunction against the second arbitration proceedings.

Therefore:

IT IS ORDERED that the request for Preliminary Injunction filed by plaintiffs, InterSecurities, Inc. and Western Reserve Life Assurance Co. of Ohio, is DENIED.

Baton Rouge, Louisiana, this 9th day of December, 2009.


RALPH E. TYSON, CHIEF JUDGE
UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[8] In order to justify the issuance of a preliminary injunction, a plaintiff must show a likelihood of success on the merits, that there is a threat of irreparable injury, that the threatened injury outweighs any harm the injunction might cause the defendants, and that the injunction will not impair the public interest. **City of Meridian, Miss. v. Algernon Blair, Inc.,** 721 F.2d 525, 527 (5th Cir. 1983).

Doc. No. 1795